United States District Court
Southern District of Texas

**ENTERED**

August 29, 2024

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LARRY PRESTON, | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-03857 |
| | § | |
| PHH MORTGAGE CORPORATION, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Pending before the Court is Defendant PHH Mortgage Corporation's ("PHH" or "Defendant") Motion to Dismiss. (Doc. No. 7). Plaintiff Larry Preston ("Preston" or "Plaintiff") did not respond. The Court has carefully reviewed the pleadings and the applicable law and concludes that Defendant's Motion to Dismiss is hereby **GRANTED**. (Doc. No. 7).

### I.    Background[1]

In October 1998, Preston obtained a mortgage loan ("the Loan") from New Century Mortgage Corporation ("New Century") to purchase real property ("the Property") located at 5709 Langley in Houston, TX. Preston executed a Deed of Trust at the same time that he obtained the loan. (Doc. No. 1-1 at 9; Doc. No. 7-1).[2] Preston alleges that the Loan and the Deed of Trust were assigned to the Bank of New York Mellon ("BONY") and that PHH is the current mortgage servicer for the Loan.

---

[1] Preston did not respond to Defendant's Motion to Dismiss, and Preston's Original Petition does not provide a comprehensive factual summary. As a result, the Court relies on both Plaintiff's Original Petition and Defendant's characterization of the facts at issue in discussing the factual background of this case.

[2] The Court takes judicial notice of the Deed of Trust, which was recorded in the Official Records of Harris County, Texas, on November 4, 1998, under File T362205 and attached both to Defendant's state court answer and the instant motion to dismiss. Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations and internal quotation marks omitted).

Preston alleges that he began to have severe financial troubles and reached out to PHH to obtain financial assistance with his loan payments. Preston alleges that PHH "informed him that his loan was too far delinquent to qualify for any type of assistance." (Doc. No. 1-1 at 9). Eventually, Preston alleges that he found an investor to purchase his home, but that he soon began receiving phone calls from other investors offering to purchase the Property prior to the scheduled foreclosure sale on October 3, 2023. Preston alleges that he had not received any notice from PHH regarding the scheduled foreclosure sale. The day before the sale was scheduled to take place, Preston filed the instant lawsuit in state court, arguing that PHH wrongfully attempted to sell the Property because he was not provided proper notice under the Texas Property Code; the chain of title from the original lender is broken; and that PHH engaged in fraudulent business practices. Preston asserts claims for breach of contract, violations of the Texas Property Code, tortious interference with contract, and declaratory judgment. He seeks actual damages, attorney fees, declaratory and injunctive relief, and court costs. On October 2, 2023, the state court entered an *ex parte* Temporary Restraining Order, halting the planned sale. (Doc. No. 1-1 at 25). On October 11, 2023, PHH answered in state court and removed the lawsuit to this Court.[3] PHH has now filed the instant motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## II.   Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[3] This Court has subject matter jurisdiction over this action based on diversity jurisdiction. Texas substantive law applies.

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

Local Rules 7.3 and 7.4 of the Southern District of Texas state that a motion will be submitted to the Judge twenty-one days after filing. Under Local Rule 7.4, a failure to respond will be taken "as representation of no opposition." *See* Local Rule LR7.4. Furthermore, Rule 7.4(a) plainly states that such responses must be filed by the submission date. *Id.*

The Fifth Circuit, however, has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *John v. Louisiana*, 757 F.2d 698, 707–09 (5th Cir. 1986). Since granting a motion to dismiss based solely on the local rules and Defendant's failure to respond would be improper, this Court will address the merits of the motion.

III.     **Analysis**

A. **Declaratory Judgment Claims**

Preston first alleges in his Original Petition that PHH lacks standing to initiate foreclosure

on the Property because "an assignment of the deed of trust alone is a nullity." (Doc. No. 1-1 at

10).[4] "The Texas Property Code provides that a 'mortgage servicer' may administer a foreclosure

on behalf of a mortgagee if 'the mortgage servicer and the mortgagee have entered into an

agreement granting the current mortgage servicer authority to service the mortgage,' proper notice

is given, and notice discloses that the mortgage servicer represents the mortgagee." *Martins v. BAC*

*Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) (quoting Tex. Prop. Code §

51.0025). As PHH points out, Preston does not dispute that PHH is the mortgage servicer and that

BONY is the mortgagee. Preston merely argues that PHH cannot foreclose on the Property if it

does not possess both the Deed of Trust and the note. The Fifth Circuit has held that under Texas

law, where the foreclosing party is a mortgage servicer and the mortgage has been properly

assigned, the party to foreclose need not possess the note itself. *Id.*  Accordingly, the Court grants

PHH's motion as to Preston's declaratory judgment claim challenging PHH's standing to foreclose

on the Property.

In his Original Petition, Preston further alleges that "the alleged assignment of the Deed of

Trust does not meet the requisites of a valid assignment, and therefore, the chain of title is broken

from the original lender." (Doc. No. 1-1 at 9). Preston "seeks a determination that Defendant is

liable for having failed to properly record all releases, transfers, assignments, or other actions

---

[4] In the following sentence, Preston alleges (confusingly) that "Shellpoint cannot produce any evidence that the Crutcher's mortgage note has ever been transferred to them. Any attempt to transfer the beneficial interest of the deed of trust without actual ownership of the underlying mortgage note is void under the law." (Doc. No. 1-1 at 10-11). The Court assumes that this language applies to parties in an unrelated case. Nonetheless, the Court considers Preston's argument regarding PHH's standing to foreclose on the Property.

relating to instruments Defendant filed or caused to be filed, registered, or recorded in the deed of records of Texas in the same manner as the original instrument was required to be filed, registered, or recorded." (Doc. No. 1-1 at 12).[5]

PHH moves to dismiss this claim because "the publicly recorded assignments confirm that PHH is authorized to foreclose on the Property because PHH is the mortgage servicer and Preston admits to defaulting on the Loan." (Doc. No. 7 at 11). PHH has attached "a true and correct copy of the various assignments" and incorporated them by reference to its motion. (Doc. No. 7-2). Preston has not responded to the motion, which the Court construes as a "as representation of no opposition" to the validity of the assignments as recorded in the Official Records of Harris County, Texas. (Doc. No. 7 at 7 n.7).  Moreover, Preston has not pleaded his claim concerning the validity of the assignments with specificity such that he can survive a Rule 12(b)(6) motion under the Federal Rules. *See Iqbal*, 556 U.S. at 663. The Court grants PHH's motion as to this issue.

Preston also requests, under his "Declaratory Judgment" cause of action, that the Court quiet title to the Property in his name and issue a judgment that PHH has no interest in the Property. (Doc. No. 1-1 at 12-13). As PHH points out, Preston has not asserted an independent quiet title claim, and has not "alleged that he has tendered, or offered to tender, the full amount owed on the Loan." (Doc. No. 7 at 14). In fact, Preston admits in his Original Petition that he had failed to make on-time payments on the Loan. (Doc. No. 1-1 at 9). PHH's motion to dismiss is granted as to the request for an order quieting title in Preston's name.

Moreover, the Court dismisses Preston's declaratory-judgment claim based on the allegation that PHH "falsely and fraudulently prepared documents required for Defendant to

---

[5] PHH argues that Preston himself lacks standing to challenge the assignments of the Deed of Trust. It is well established, however, that Texas courts "routinely allow a homeowner to challenge the chain of assignments by which a party claims the right to foreclose." *Miller v. Homecomings Fin., LLC*, 881 F. Supp. 2d 825, 832 (S.D. Tex. 2012) (collecting cases).

foreclose as a calculated and fraudulent business practice." (Doc. No. 1-1 at 11). "To prove common law fraud, [Plaintiff] must establish: (1) that the [Defendant] knowingly or recklessly (2) made a material misrepresentation (3) that he intended to be acted upon, and was in fact acted upon, to the detriment of [the Plaintiff]." *In re Deepwater Horizon*, 857 F.3d 246, 249 (5th Cir. 2017). Preston has not made any specific allegations that would support the elements of a common law fraud claim (and certainly has not made any allegations that would meet the heightened pleading standard for fraud claims under Rule 9(b)). *See Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) ("pleading fraud with particularity in [the Fifth Circuit] requires time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby.") (cleaned up). Preston's fraud claim brought as a declaratory judgment action is accordingly dismissed.

### B. Claim(s) under the Texas Property Code

Preston also alleges that Defendant "posted the Property for foreclosure without sending Preston a notice of foreclosure sale." (Doc. No. 1-1 at 10).The Court construes this as a claim under Section 51.002 of the Texas Property Code. Federal courts in Texas have construed claims under Section 51.002 to fall under the umbrella of wrongful foreclosure claims. *Ashton v. BAC Home Loans Servicing, L.P.*, No. 4:13-CV-810, 2013 WL 3807756 at *4 (S.D. Tex. July 19, 2013) (citing *Hill v. Wells Fargo Bank, N.A.*, No. V–12–11, 2012 WL 2065377, at *7–8 (S.D. Tex. June 6, 2012) (Rainey, J.); *Bittinger v. Wells Fargo Bank NA*, No. H–10–1745, 2011 WL 3568206, at *4–5 (S.D. Tex. Aug.15, 2011) (Rosenthal, J.). To prevail on a wrongful foreclosure claim, Plaintiff must show "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Foster*, 848 F.3d at 406 (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex.

App.—Corpus Christi, no pet. 2008)) (internal quotation marks omitted). "A party cannot state a claim for wrongful foreclosure if the party never lost possession of the Property." *Foster*, 848 F.3d at 406 (citation omitted) (internal quotation marks omitted).

Here, Defendant claims that Plaintiff has never lost possession of his property, and reiterates that Plaintiff has failed to respond. Indeed, the Court assumes that no foreclosure sale has taken place given that the state court granted Plaintiffs' Temporary Restraining Order. (Doc. No. 1-1 at 25). Since Plaintiff did not lose possession of his property, any claims under Section 51.002 fail as a matter of law.

Plaintiff also purports to state a claim under Section 5.065 of the Texas Property Code. Section 5.065, however, concerns executory contracts. As this case involves a mortgage loan, and Preston has not alleged that he executed any executory contract for the conveyance of the Property or any other real property, this claim is dismissed.

### C. Breach of Contract Claim

The Court further grants PHH's motion to dismiss Plaintiff's breach of contract claim because he has not identified the particular contract at issue or any provision that was allegedly breached. This is insufficient to survive a 12(b)(6) motion to dismiss. As a general rule, "a plaintiff suing for breach of contract must point to a specific provision in the contract that was breached by the defendant." *Baker v. Great N. Energy, Inc.*, 64 F. Supp. 3d 965, 971 (N.D. Tex. 2014); *see also Williams v. Wells Fargo Bank, N.A.*, 560 Fed. Appx. 233, 238 (5th Cir. 2014) ("[i]t has been held that a claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached."). Preston's breach of contract claim against PHH is therefore dismissed for failure to state a claim upon which relief can be granted.

**D. Tortious Interference with Contract Claim**

Preston alleges in his Original Petition that Defendant is liable for tortious interference because "an existing sales contract exists between Plaintiff and Seller for which Defendant has knowledge and yet is willfully foreclosing on the Property, thereby preventing the sales contract from being able to be completed." (Doc. No. 1-1 at 14). In Texas, "the elements of tortious interference with existing contractual relations are "(1) an existing contract subject to interference, (2) a willful and intentional act of interference with the contract, (3) that proximately caused the plaintiff's injury, and (4) caused actual damages or loss." *Nix v. Major League Baseball*, 62 F.4th 920, 934 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 165, 217 L. Ed. 2d 62 (2023). PHH argues that "Preston fails to allege facts describing how PHH allegedly unlawfully interfered with the purported sales contract, how any alleged act of interference was willful and intentional, how that act proximately caused him damage, and the actual damage or loss suffered." (Doc. No. 7 at 20).

This Court finds that Preston does not allege sufficient facts such that he states a claim for relief that is plausible on its face. First, Preston merely alleges that he "found an investor who wants to buy his home" and that "an existing sales contract exists." (Doc. No. 1-1 at 14). He does not allege with particularity that, for example, PHH's alleged tortious actions were willful and intentional such that it would be liable for tortious interference with the alleged sales contract.

Moreover, PHH asserts that it had a legal right to interfere with the contract, even if Preston could otherwise satisfy the elements of the tort, because Preston defaulted on the Loan. In Texas, "[u]nder the defense of legal justification or excuse, one is privileged to interfere with another's contract (1) if it is done in a bona fide exercise of his own rights, or (2) if he has an equal or superior right in the subject matter to that of the other party." *Sterner v. Marathon Oil Co.*, 767

S.W.2d 686, 691 (Tex. 1989). As noted above, Preston has not responded. Accordingly, the Court grants PHH's motion to dismiss Preston's tortious interference claim.

For the foregoing reasons, the Court **GRANTS** PHH's motion to dismiss in its entirety and dismisses each of Preston's claims with prejudice.[6]

Signed on this the 29th day of August 2024.

Andrew S. Hanen
United States District Judge

---

[6] Preston's request for actual and exemplary damages, declaratory relief, and attorney fees are similarly dismissed with prejudice.